UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

eFusion Consulting, LLC,

    Plaintiff,                                  CIVIL ACTION NO. 14-cv-10080

    v.                                            DISTRICT JUDGE SEAN F. COX

MIPRO Consulting, LLC,                   MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendant.
_____/

### REPORT AND RECOMMENDATION

Plaintiff, eFusion Consulting, LLC, brought this action against Defendant, MIPRO Consulting, LLC, alleging that Defendant breached a contract, resulting in nearly $80,000 of lost wages. (*See* docket no. 1.) Before the Court is Defendant's Motion to Dismiss, or in the Alternative, to Compel Appearance for Deposition. (Docket no. 23.) Plaintiff filed a Response to Defendant's Motion (docket no. 27), and Defendant filed a Reply to Plaintiff's Response (docket no. 28). The motion has been referred to the undersigned for consideration. (Docket no. 25.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

**I.     RECOMMENDATION**

For the reasons that follow, the undersigned recommends that Defendant's Motion to Dismiss, or in the Alternative, to Compel Appearance for Deposition (docket no. 23) be **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.     Defendant's Motion to Dismiss should be **DENIED**;

    b.     Defendant's alternative Motion to Compel Appearance for Deposition should be

**GRANTED**, and Plaintiff should be ordered to produce Mr. Ebbeler for deposition in Michigan on or before January 22, 2015, on a date, time and place agreed upon by both parties; alternatively both parties may agree to depose Mr. Ebbeler in Maryland at a mutually agreed upon date, time and place on or before January 22, 2015; and

c.  Defendant's request for costs and attorney's fees should be **DENIED**.

The undersigned also recommends that Plaintiff be advised that any failure to comply with this order could result in sanctions, including dismissal. The undersigned further recommends that the Court amend its current Scheduling Order as deemed appropriate in order to allow for additional discovery.

**II.  REPORT**

    **A.  Facts and Procedural History**

On October 20, 2010, Plaintiff and Defendant entered into an agreement calling for Plaintiff to provide Defendant with consulting services on an ongoing basis. (Docket no. 1 at 2.) Defendant proposed a new Statement of Work on May 1, 2013, which was to be effective through September 30, 2013. (*Id.* at 3.) The proposed contract was never formally executed; however, Plaintiff continued performing work and Defendant continued paying Plaintiff's invoices as they were received. (*Id.* at 4.) On June 12, 2013, Defendant removed Plaintiff from the project, allegedly without providing the formal notice required to properly terminate the agreement. (*Id.*) Plaintiff filed the instant complaint on January 9, 2014, alleging that Defendant breached the agreement. (Docket no. 1.)

Defendant filed an Answer to Plaintiff's Complaint on February 10, 2014, and filed a Notice

of Taking Deposition Duces Tecum of Jonathan Ebbeler, Plaintiff's President, on March 26, 2014, which noticed the deposition for May 1, 2014. (Docket nos. 9 and 23-2.) Due to the withdrawal of Plaintiff's first counsel, Mr. Ebbeler's deposition did not take place, and the Court entered a 2nd Scheduling Order on May 6, 2014, extending the close of discovery from June 10, 2014, to July 10, 2014. (*See* docket nos. 13, 19, and 23-3; docket no. 20.) Despite the extension of the discovery period and numerous communications between counsel, Defendant was unable to depose Mr. Ebbeler before the July 10 deadline. (Docket no. 23 at 7.) Consequentially, on July 18, 2014, Defendant filed the instant Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 41(b) for failing to prosecute its case, or in the alternative, to compel Mr. Ebbeler's appearance in Michigan for deposition and to award sanctions pursuant to Rule 37. (Docket no. 23.)

      **B.    Governing Law**

Rule 41(b) of the Federal Rules of Civil Procedure gives a court authority to dismiss a case on motion if "the plaintiff fails to prosecute or to comply with these rules or a court order...." Fed.R.Civ.P. 41(b). A dismissal under Rule 41(b) operates as an adjudication on the merits. (*Id.*) The court should consider the following factors before dismissing an action under Rule 41(b): "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). Furthermore, Federal Rule of Civil Procedure 37(d) authorizes the Court to order sanctions if a party fails to appear for deposition, answer interrogatories, or respond to a request for inspection. Rule 37(b) provides a list of sanctions the Court may order if a party fails

to obey a discovery order, up to and including dismissal of that party's action or proceeding in whole or in part. Fed.R.Civ.P. 37(b)(2)(A)(v).

**C.     Analysis**

Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff has prejudiced Defendant by intentionally thwarting discovery requests, depriving Defendant the opportunity to adequately prepare its defense, and requiring it to spend superfluous time and money. (Docket no. 23 at 14-15.) Alternatively, Defendant argues that the Court should compel Mr. Ebbeler to appear in Michigan for a deposition and award Defendant the attorney's fees it incurred in bringing this Motion under Rule 37(d)(3). (*Id.* at 15-16.) Plaintiff responds by claiming that there has been no "bad faith" or failure to prosecute on their part, that Mr. Ebbeler has never been unavailable for deposition, and that it is Defendant's conduct that has frustrated the prosecution of the case. (Docket no. 27 at 4, 7-8.) Defendant continues to assert that dismissal is appropriate because Mr. Ebbeler has repeatedly refused to make himself available for deposition and failed to provide a reasonable excuse for this failure. (Docket no. 28 at 3-4.)

The Court agrees with Defendant's assertion that Plaintiff has failed to produce Mr. Ebbeler for deposition, causing delays in the progression of the case. However, after considering the factors identified in *Stough*, the undersigned recommends that Defendant's Motion to Dismiss be denied. First, it is not evident that Plaintiff acted in bad faith or with intent to thwart the advancement of this proceeding. In fact, the communications between counsel filed in this matter suggest otherwise. (*See* docket nos. 23-10, 27-1 and 28-2.) Moreover, although Mr. Ebbeler was not available for deposition in Michigan during the month of July, he advised that he could be deposed in Maryland. (Docket no. 27-1 at 9.) Second, the inability to depose Mr. Ebbeler in Michigan has undoubtedly

prejudiced Defendant by delaying discovery; however, Defendant had an opportunity to mitigate any possible prejudice by deposing Mr. Ebbeler in Maryland or via video. (*See* docket no. 27-1.) Third, at no time has Plaintiff received any official warning from the Court that its failure to cooperate in the discovery process could lead to dismissal of its case. Fourth and finally, this matter can efficiently and adequately be resolved by ordering Plaintiff to make Mr. Ebbeler available for deposition, a less drastic measure than dismissal of the case. Therefore, the undersigned recommends that Defendant's Motion to Dismiss be denied.

The undersigned also recommends that Defendant's alternative Motion to Compel the deposition of Mr. Ebbeler be granted and that Plaintiff produce Mr. Ebbeler for deposition in Michigan on or before January 22, 2015, on a date, time and place agreed upon by both parties; alternatively both parties may agree to depose Mr. Ebbeler in Maryland at a mutually agreed upon date, time and place on or before January 22, 2015. Additionally, Plaintiff should be advised that any failure to comply with this order could result in sanctions, including dismissal.

The undersigned further recommends that the Court amend its current Scheduling Order as deemed appropriate in order to allow for additional discovery.

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 8, 2014         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated:  December 8, 2014        s/ Lisa C. Bartlett
                                Case Manager